# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D20-3766
_____

EDWARD YOUNG,

    Appellant,

    v.

MICHI V. WILLIAMS,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Robert K. Groeb, Judge.

September 15, 2021


B.L. THOMAS, J.

Appellant challenges the dismissal of his petition to modify parental responsibility following a hearing on Appellee's motion to dismiss, at which Appellant was not present. We reverse and remand because service to Appellant's e-mail address was improper.

Appellant and Appellee were married in 2006 and divorced in 2008. They had one child in common who resided a majority of the time with Appellee. In 2012, Appellee petitioned to modify the final judgment, and Appellant sought full or joint custody and a reduction in his child support amount. The circuit court granted Appellee sole parental responsibility of the child.

On July 17, 2020, Appellant petitioned to modify parental responsibility. On October 22, 2020, Appellee moved to dismiss the petition. Appellant received the motion to dismiss by U.S. mail. Appellant then moved to set a court hearing.

On November 23, 2020, Appellant received an "Order Closing File," stating that no further judicial action was required because there were no pending motions in the case. Appellant checked his e-mail and saw that on November 17, 2020, Appellee's attorney had added him to e-Service and had sent him notice of a hearing on Appellee's motion to dismiss, which was held on November 19, 2020.

Appellant moved to reschedule the hearing, arguing that he had expected correspondence by U.S. mail, because he had never elected to use e-Service, never designated an e-mail address, and never used e-Service. The circuit court did not address the motion, and on November 30, 2020, the court entered an order dismissing Appellant's petition with prejudice.

Appellant argues that notice by e-mail was insufficient when he elected to only receive communications by mail under Florida Rule of General Practice and Judicial Administration 2.516(b). We agree.

"Procedural due process requires both reasonable notice and a meaningful opportunity to be heard." *N.C. v. Anderson*, 882 So. 2d 990, 993 (Fla. 2004). "Service on . . . parties who are not represented by an attorney and who do not designate an e-mail address, . . . must be made by delivering a copy of the document or by mailing it to the party . . . at their last known address." Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(2).

The record indicates that Appellee's attorney incorrectly used Appellant's e-mail address, which Appellant did not provide. Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(1) ("The filer of an electronic document must verify that the Portal or other e-Service system uses the names and e-mail addresses *provided by the parties* pursuant to subdivision (b)(1)(A). . . . If a party not represented by an attorney does not designate an e-mail address for service in a proceeding, service on and by that party *must be by the means provided in subdivision (b)(2)*.") (emphasis added). Because

2

Appellant was not represented by an attorney and did not designate an e-mail address for service in this proceeding, service on Appellant was required by mail. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(2). Accordingly, we hold that Appellant's due process rights were violated because he did not receive reasonable notice of the hearing when the notice was not sent to his designated mailing address.

REVERSED and REMANDED.

ROWE, C.J., and RAY, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Edward Young, pro se, Appellant.

Maritza T. Arroyo of Arroyo & Talbert P.A., Gainesville, for Appellee.